UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KAMALPREET SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02101-SEB-TAB |
| | ) | |
| PAMELA BONDI U.S. Attorney, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Kamalpreet Singh is detained at Miami Correctional Facility under the authority of U.S. Immigration and Customs Enforcement. Mr. Singh filed a petition for a writ of habeas corpus while detained in Marion County, so the action is properly before this Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

Mr. Singh is petitioning for a bond hearing before an immigration judge. Although he previously sought bond, an immigration judge acting without a hearing, denied his request, stating that the statutory basis for Mr. Singh's conviction makes him ineligible for bond. The crux of Mr. Singh's petition is that ICE detained him under a statute that entitles him to eligibility for bond and that the immigration judge's refusal to consider bond makes his continued detention unlawful. The government contends in response that this Court lacks jurisdiction over Mr. Singh's challenge and that, in any event, the immigration judge's analysis was correct.

The parties' submissions establish that this Court has jurisdiction over Mr. Singh's claims, that he is statutorily eligible for bond, and that his continued detention without a bond hearing is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the petition is **granted**.

## I. Facts

Mr. Singh entered the United States in April 2023. Dkt. 15-4 at 8. Border Patrol agents apprehended him near either Lukeville, Arizona, or Hidalgo, Texas. *Id.* at 7–8; dkt. 1 ¶ 14; dkt. 1-1 at 2.

If Mr. Singh was found to be an "alien arriving in the United States," the government was obligated by statute to immediately order Mr. Singh removed from the United States or refer him to an asylum officer, at which point he would have been subject either to removal or mandatory detention pending review of his claim. 8 U.S.C. § 1225(b)(1). Alternatively, if Mr. Singh was found to be "an applicant for admission" to the United States, the government was obligated to detain him pending resolution of removal proceedings. 8 U.S.C. § 1225(b)(2).

The government did not proceed in accordance with either of these procedures. Instead, a Border Patrol Agent issued a notice to appear directing Mr. Singh to appear before an immigration judge in San Francisco in March 2025. Dkt. 1-1. That notice identified Mr. Singh as "an alien present in the United States who has not been admitted or paroled," not as "an arriving alien." *Id.* at 1. The notice also did not identify Mr. Singh as an applicant for admission. *Id.* In July 2023, an ICE official ordered Mr. Singh released on his own recognizance on the basis of "section 236 of the Immigration and Nationality Act," dkt. 1-2 at 19–22, that is U.S.C. § 1226.  *Id.* at 19. The Order also stated that Mr. Singh has "been arrested and placed in removal proceedings" and is

"being released" subject to compliance with certain conditions. *Id.* His removal proceeding and asylum claim remain pending, and his next hearing is scheduled for February 2027. Dkt. 1-2 at 12.

On August 9, 2025, Mr. Singh was arrested and charged with a misdemeanor in Marion County. Dkt. 1-2 at 28. He posted a $1,000 cash bond on August 12. *Id.* at 31–32. ICE lodged a detainer with the Marion County Sheriff and took Mr. Singh into custody pursuant to its warrant on August 14. Dkt. 15-4 at 8.

Mr. Singh requested release on bond in the removal proceeding. On October 9, Immigration Judge Angela Munson denied Mr. Singh's request in a single sentence ruling: "This Court lacks jurisdiction to set a bond in this case. See, Matter of Yajure Hurtado 29 I&N Dec. 216 (BIA 2025), and Matter of Q. LI, 29 I&N Dec. 66 (BIA 2025)." Dkt. 1-3.

## II. Subject Matter Jurisdiction

Mr. Singh seeks habeas corpus relief based on Judge Munson's refusal to consider bond. Respondents argue that three statutory provisions deprive this Court of jurisdiction over Mr. Singh's challenge. Dkt. 15 at 5–9. However, similar arguments have either been specifically rejected in prior decisions that are binding on us or are plainly inapplicable to Mr. Singh's challenge. The Respondents have also advanced a jurisdictional argument based on broad principles of American immigration law, which address claims not raised by Mr. Singh.

### A.    Title 8 U.S.C. § 1252(g)

Respondents cite Title 8 U.S.C. § 1252(g), which provides in relevant part: "No court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

Thus, Respondents argue, "(Title) 8 U.S.C. § 1252(g) strips all federal courts of jurisdiction over challenges to executive branch decisions to execute removal orders." Dkt. 15 at 5. This assertion is irrelevant, given that Mr. Singh is not challenging any decision to execute a removal order. In fact, because his current removal proceeding is still ongoing, there is no removal order to execute.

Respondents also cite § 1252(g) arguing that it "also bars district courts from hearing challenges to the method by which the Secretary of Homeland Security chooses to commence removal proceedings, including the decision to detain an alien pending removal." Dkt. 15 at 5. Whatever the legal basis of this argument may be, it is not found in § 1252(g), which includes no reference to detention. In addition, the argument can't be based on any prior judicial interpretation of the text in light of the clear holding of the Supreme Court: "The provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to 'commence proceedings, adjudicate cases, or execute removal orders.'" *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999) (emphasis in original). The Seventh Circuit has provided additional guidance, ruling explicitly that § 1252 does not bar a habeas challenge to the withholding of bond in a removal action:

> Parra, by contrast, did not ask the district court to block a decision "to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." *His claim concerns detention while the administrative process lasts*, and it may be resolved without affecting pending proceedings. *Section 1252(g) therefore does not foreclose review* [. . .].

*Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) (emphasis added; *see also Carrera-Valdez v. Perryman*, 211 F.3d 1046, 1047 (7th Cir. 2000) ("Just like Parra, Carrera wants review of his placement pending his transfer to another nation, and nothing in § 1252(g) precludes review of the

decision to confine Carrera until then.")).[1] Mr. Singh has not challenged here the commencement or adjudication of a removal proceeding or the execution of a removal order, he challenges Respondent's refusal to afford him a bond hearing, which is not referenced as such in § 1252(g).

Respondents' contention is that the decision to detain an alien flows from the decision to commence a removal proceeding, because the decision to detain an alien pending removal *can* be issued in the same notice to appear that initiates a removal proceeding. Dkt. 15 at 6. Whether this referenced proposition is legally sound, it clearly is not factually applicable to this case. Following the commencement of Mr. Singh's removal proceeding and the issuance in 2023 of his notice to appear, the entirely altogether separate detention decision did not occur until two years later, in 2025.

## B.    Title 8, U.S.C., § 1252(b)(9)

Respondents next invoke Title 8, U.S.C., § 1252(b)(9), which provides: "Judicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available only on judicial review of a final order" of removal. And "no court shall have jurisdiction, by habeas corpus under [28 U.S.C. § 2241] or any other habeas corpus provision . . . to review such an order or such questions of law or fact." 8 U.S.C. § 1252(b)(9).

Respondents contend that pursuant to § 1252(b)(9), no court has jurisdiction to review a challenge to Mr. Singh's detention until and unless a final removal order has been issued, which

---

[1] We speak the obvious in reminding Respondents that this Court is bound by Seventh Circuit precedent. Until and unless the Supreme Court or the Seventh Circuit overturns *Parra*, counsel for Respondents is faced with two (and only two) options in defending habeas challenges to detention pending removal: they may omit arguments based on § 1252(g), which are clearly foreclosed by binding authority, or they may acknowledge that authority and present "a nonfrivolous argument for . . . reversing" it. Fed. R. Civ. P. 11(b)(2). A request to the Court to issue a decision contrary to binding circuit precedent is unacceptable advocacy.

administrative process encompassed a detention decision. Dkt. 15 at 6–8. The plain language of this statute reveals its inapplicability here. Mr. Singh has not presented any question of law or fact arising from an action or proceeding to remove him. The questions of law and fact he does present arise from the government's refusal to afford him a bond hearing.

This interpretation is consistent with Supreme Court precedent holding that Section 1252(b)(9) does not apply to orders that do not disturb or affect the validity of a final order of removal. *Riley v. Bondi*, 145 S. Ct. 2190, 2198–99 (2025); *Nasrallah v. Barr*, 590 U.S. 573, 581–83 (2020). More to the point:  § 1252 "relates to judicial review of removal orders rather than detention." *Johnson v. Guzman Chavez*, 594 U.S. 523, 535, n.6 (2021).

Mr. Singh is challenging his detention without affording him a bond hearing. Respondents have failed to show that this challenge stands to affect the validity of his removal order, if and when it becomes final. Thus, Section 1252(b)(9) clearly has no applicability here.[2]

## C.    8 U.S.C. § 1252(a)(5)

Respondents also cite Title 8, U.S.C., § 1252(a)(5) which provides as follows: "A petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for

___

[2] Respondents cite *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018), to argue that § 1252(b)(9) "includes challenges to the 'decision to detain [an alien] in the first place or to seek removal[.]'" Dkt. 15 at 8 (modifications in original). However, *Jennings* considered a habeas challenge to detention that arose during the pendency of removal proceedings, in response to which the Court ruled that § 1252(b)(9) did not deprive it of jurisdiction. The entire passage containing the excerpt referenced by Respondents states:

> The parties in this case have not addressed the scope of § 1252(b)(9), and it is not necessary for us to attempt to provide a comprehensive interpretation. For present purposes, it is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined. Under these circumstances, § 1252(b)(9) does not present a jurisdictional bar.

*Id.* at 294–95. This passage does not support a finding that § 1252(b)(9) applies to the initial decision to detain an alien. Even if it did, the statute would still be inapplicable here. Mr. Singh is not challenging ICE's authority to detain him or its decision to detain him. His challenge is confined to the government's refusal to provide him with a bond hearing.

judicial review of an order of removal." Thus, the statute directs that judicial review of removal orders is reserved for consideration by courts of appeals. We say again: Mr. Singh is not challenging a removal order; indeed, no removal order has been issued and his case remains pending. This challenge to his detention without having been granted a bond hearing is not foreclosed by § 1252(a)(5).

**D.    General Authority to Detain Aliens**

Under the heading, "The Court Also Lacks Jurisdiction to the Extent Petitioner Seeks to Overturn the IJ's Bond Decision," Respondents state as follows:

> For more than a century, this country's immigration laws have authorized immigration officials to charge noncitizens as removable from the country, arrest those subject to removal, and detain them during removal proceedings. *See Abel v. United States*, 362 U.S. 217, 232–37 (1960). The rule has been clear for decades: "[d]etention during deportation proceedings [i]s . . . constitutionally valid." *Demore v. Kim*, 538 U.S. 510, 523. Indeed, removal proceedings "'would be [in] vain if those accused could not be held in custody pending the inquiry into their true character.'" *Demore*, 538 U.S. at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).

Dkt. 15 at 8–9 (all quotations and modifications in original).

The Respondents, in making this argument, miss the point in terms of the issues before the Court. Mr. Singh has not denied that the government possesses the authority to charge him as removable, to arrest him, to detain him during the pendency of his removal proceedings, or to inquire into his character. He contends simply that, during the course of those procedures, he is eligible to request bond, that the Attorney General has discretion to grant it, and that Judge Munson's assertion that she cannot consider bond because he is not eligible for bond was made in error and thus violates his rights. The parties' respective arguments are not mutually exclusive. In any event, Respondents have not been able to identify a jurisdictional bar to the relief Mr. Singh seeks here.

### III. Eligibility for Bond

Judge Munson denied Mr. Singh's bond request without addressing its merits, believing that she lacked jurisdiction to grant bond under the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). Yajure Hurtado entered the United States without inspection in November 2022; received temporary protected status in 2024; and was apprehended in April 2025 after his protected status had expired. *Id.* at 216–17. He requested release on bond. Following a hearing, the immigration judge, like Judge Munson, determined that he lacked jurisdiction to set bond.  The BIA affirmed that decision. *Id.* at 217, 229.

Yajure Hurtado, like Mr. Singh, argued that the government's authority to detain him arose from Title 8, U.S.C., § 1226(a), which provides in relevant part:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [P]ending such decision, the Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on [. . .] bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or [. . .] conditional parole.

The immigration judge and the BIA determined that Yajure Hurtado's detention was governed by § 1225(b)(2)(A), which provides: "In the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a" removal proceeding. The BIA explained its analysis as follows:

> Aliens, like the respondent, who surreptitiously cross into the United States remain applicants for admission until and unless they are lawfully inspected and admitted by an immigration officer. Remaining in the United States for a lengthy period of time following entry without inspection, by itself, does not constitute an "admission." *See* INA § 101(a)(13)(A), 8 U.S.C. § 1101(a)(13)(A) (2018) (defining "admission"). Likewise, being arrested pursuant to a warrant and placed into removal proceedings does not constitute an admission. Therefore, just as

> Immigration Judges have no authority to redetermine the custody of arriving aliens who present themselves at a port of entry, they likewise have no authority to redetermine the custody conditions of an alien who crossed the border unlawfully without inspection, even if that alien has avoided apprehension for more than 2 years.

*Yajure Hurtado*, 29 I. & N. Dec. at 228.

Mr. Singh's petition challenges the correctness of  Judge Munson's reliance on *Yajure Hurtado*—i.e., on § 1225—in denying his bond request. Citing the fact that the government released him on his own recognizance under § 1226 in 2023, and that he remained subject to § 1226 when it redetained him two years later, § 1225 is inapplicable.

The government rejoins arguing that, because Mr. Singh has applied for asylum, he is an "alien present in the United States" and "an applicant for admission" who is "seeking admission," making him subject to mandatory detention under § 1225(b)(2)(A).

Since the date the BIA's decision in *Yajure Hurtado* was handed down, numerous federal district courts have issued dozens of opinions in habeas actions brought by detainees claiming to be subject to § 1226 while the government insists they are subject to mandatory detention under § 1225. Our research does not reveal a single case where an Article III Court has applied § 1225 to an alien who had entered the United States without inspection, was apprehended, then was released on his own recognizance subject to supervision, and who was arrested pursuant to a warrant. Respondents apparently faced the same dearth of case law since they have not cited  any such support in their brief.

We need not undertake a detailed, hairsplitting legal analysis to determine whether Mr. Singh is subject to mandatory detention under § 1225 or eligible for bond under § 1226. The actions taken by Respondents vis-a-vis Mr. Singh establish that his detention is governed by § 1226.  Judge Munson's reliance on *Yajure Hurtado* was therefore done in error.

If Mr. Singh was deemed an applicant for admission by virtue of his entry into the United States, the government was statutorily obligated to detain him under § 1225(b) at the time he was initially apprehended. It did not do so. Instead, Mr. Singh was released on his own recognizance, subject to conditions of supervision, based expressly on § 1226. In fact, § 1226 was the *only* basis cited for Mr. Singh's release. Under § 1225, the government's options were limited to removal or detention pending review by an asylum officer. The fact that the government's release of Mr. Singh, on his own recognizance, was based on § 1226 is strong evidence that he currently remains subject to § 1226, rather than § 1225.[3]

The facts of Mr. Singh's redetention make clear that his custody is based on § 1226, as we have said. ICE represents that Mr. Singh was arrested on a warrant. Dkt. 15-4 at 8. An alien "cannot

---

[3] *See, e.g.*, *Helbrum v. Williams Olson*, No. 4:25-CV-00349-SHL-SBJ, 2025 WL 2840273, at *4 (S.D. Iowa Sept. 30, 2025) ("[H]e arguably could have been treated as an 'applicant for admission' subject to mandatory detention under § 1225(b)(2)(A). . . . Instead, they released Petitioner '[i]n accordance with [§ 1226]' and on his 'own recognizance.' . . . His Notice to Appear similarly described him as 'an alien present in the United States' and not an 'arriving alien.' . . . This is consistent with him being governed by § 1226, not § 1225."); *Quispe-Ardiles v. Noem*, No. 1:25-CV-01382-MSN-WEF, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025) ("DHS's decision to release Mr. Quispe-Ardiles on recognizance and its citations to § 1226 in Mr. Quispe-Ardiles's paperwork do not support its present argument that federal respondents 'actually intended for him to be paroled into the United States pursuant to § 1182(d)(5)(A).'"); *J.U. v. Maldonado*, No. 25-CV-04836 (OEM), 2025 WL 2772765, at *5 (E.D.N.Y. Sept. 29, 2025) ("The Notice of Custody Determination states that CBP released Petitioner on his own recognizance pursuant to [§ 1226]. . . . The Order of Release on Recognizance issued on March 19, 2024, provided that he was released '[i]n accordance with [§ 1226]. . . . Accordingly, all of DHS's actions with respect Petitioner in March 2024 were taken pursuant to § 1226(a) . . . . The same is true for Petitioner's current arrest and detention: Petitioner's arrest record from DHS is devoid of any reference to § 1225, and Respondent has not presented any records showing that Petitioner was detained pursuant to § 1225."); *Menjivar Sanchez v. Wofford*, No. 1:25-CV-01187-SKO (HC), 2025 WL 2959274, at *6 (E.D. Cal. Oct. 17, 2025) ("[T]he order releasing Petitioner from detention in 2005 indicates she was placed in removal proceedings and released on her own recognizance pursuant to . . . § 1226(a). . . . This further undermines the government's argument that she is subject to mandatory detention under section 1225(b)."); *Savane v. Francis*, No. 1:25-CV-6666-GHW, 2025 WL 2774452, at *7 (S.D.N.Y. Sept. 28, 2025) ("Respondents' invocation of § 1226 to justify Petitioner's initial release may have been, as Respondents argue, a 'mistake,' but Petitioner was still, as a factual matter, released from custody."); *Hasan v. Crawford*, No. 1:25-CV-1408 (LMB/IDD), 2025 WL 2682255, at *8 (E.D. Va. Sept. 19, 2025) ("Given the significant distinction between being paroled into the United States under § 1182(d)(5)(A) and being released on recognizance under § 1226(a)(2)(B), DHS's consistent citations to § 1226(a) on Hasan's paperwork does not support the argument that the federal respondents actually intended for him to be paroled into the United States pursuant to § 1182(d)(5)(A).").

be subject to both mandatory detention under § 1225 and discretionary detention under § 1226." *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *4 (S.D.N.Y. Aug. 13, 2025). The provisions "can be reconciled only if they apply to different classes of aliens." *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *11 (D. Mass. Aug. 19, 2025). ICE's own documents confirm that Mr. Singh is an alien arrested and detained pursuant to a warrant. Dkt. 15-4 at 8. Thus, he is eligible for bond under the plain terms of § 1226(a). *See Campos Leon v. Forestal*, No. 1:25-CV-01774-SEB-MJD, 2025 WL 2694763, at *3 (S.D. Ind. Sept. 22, 2025) ("It is difficult to find that § 1226(a) carries any meaning if the aliens it expressly addresses—those arrested and detained pursuant to warrants—are not actually subject to its provisions.").

"[T]he Government has affirmatively decided to treat" Mr. Singh "as being detained under Section 1226(a) and it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025) (citing *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *see also Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *cf. Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000) ("Where . . . the last office to act has full knowledge of the actions taken by other branches of the same agency, it cannot simply issue a decision and expect its pronouncement to have no effect. . . . We REVERSE the judgment of the district court and REMAND this case with instructions to the Chicago office of the INS to respect the deferral decision currently in effect, unless and until, *through authorized*

*procedures*, the agency as a whole comes to a final decision on Boguslaw Fornalik's status.")
(emphasis added).

Respondents' final argument is that, even if Mr. Singh's detention is governed by § 1226(a), this Court is without authority to review Judge Munson's refusal to consider bond, pursuant to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

Again, the government's argument misses the point.

For emphasis, we note again that Mr. Singh seeks to challenge his detention without having been afforded a bond hearing. He does not challenge any discretionary decision made by the Attorney General. Specifically, the Attorney General has not rendered any discretionary judgment with respect to Mr. Singh's bond. Judge Munson's refusal to consider bond, erroneously based on *Yajure Hurtado*, as it was, was not a decision to detain him or to deny bond. This challenge is not encompassed within the prohibitions set out in § 1226(e).[4]

---

[4] The Respondents cite *Vidal-Martinez v. Prim*, No. 20 C 5099, 2020 WL 6441341, at *3 (N.D. Ill. Nov. 3, 2020), for the proposition that this Court lacks jurisdiction over Mr. Singh's claim because "he challenges the Immigration Judge's decision not to grant bond." Dkt. 15 at 13. But *Vidal-Martinez* demonstrates *why* our case falls outside of § 1226(e). In that case, the immigration judge denied bond on the merits. No. 20 C 5099, 2020 WL 6441341, at *2 ("On July 16, 2020, the immigration judge . . . determined that Vidal-Martinez was a danger to the public and declined to grant bond. [A]t a re-determination hearing, the IJ again declined to grant bond, rejecting Vidal-Martinez' argument that there were changed circumstances because he was unconscious in a stationary vehicle during one of his OWI arrests."). The Court determined that the decision was not subject to judicial review because "Vidal-Martinez does not challenge the process he received during the IJ's bond determination, but instead asks the Court to displace the IJ's determination and declare that he is eligible to be released on bond." *Id.* at *3. In contrast, Mr. Singh challenges the flawed process he was accorded: i.e.,—the denial of a bond hearing and a determination on the merits. Such challenges are judicially reviewable under § 1226(e). *See id.* ("Although the Court has jurisdiction to evaluate whether Vidal-Martinez was accorded process during the IJ's decision-making, the Court lacks jurisdiction to review the bond determination itself.").

## IV. Conclusion

Mr. Singh's petition for a writ of habeas corpus directing Respondents to afford him a bond hearing is well taken. The Court has subject matter jurisdiction over the petition as explained in Part II, supra. And, as explained in Part III, supra, Mr. Singh's detention is governed by 8 U.S.C. § 1226(a), making him eligible for (although not necessarily entitled to) bond. Accordingly, Judge Munson's refusal to consider bond, based on *Yajure Hurtado,* was factually and legally incorrect, making Mr. Singh's current detention "in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), and entitling him to a writ of habeas corpus. The bond hearing must be conducted forthwith.

Mr. Singh's petition for a writ of habeas corpus is **granted**. The respondents will have **seven days** to notify the Court that Mr. Singh has received a bond hearing, affording him all proceedings and rights provided for by § 1226 and its corresponding regulations, and that his claim for release on bond has been heard and considered on the merits. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date:   10/30/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Alexei Paul Krasutsky
KRASUTSKY PATRICK & HERVEY, LLC
alex@kandhlegal.com

Anthony W. Overholt
Frost Brown Todd LLP
aoverholt@fbtlaw.com

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov